**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeffrey Allen Faidley, | Civ. No. 09-2531 (DWF/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Scott Fisher, | |
| Respondent. | |

Jeffrey Allen Faidley, #07648-030, FCI, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Ana H. Voss, Esq., and Gregory G. Brooker, Esq., Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court Petitioner Jeffrey Allen Faidley's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (the "Petition) (Doc. No. 1), and on Petitioner's Pro Se Petition to Amend Title 28 U.S.C.S. 2241 Petition for Habeas Corpus Relief through Interlineation (Doc. No. 10). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, this Court recommends that the Petition and the request to amend the Petition be denied.

## BACKGROUND

Petitioner is currently serving a 192-month sentence, followed by four years of supervised release, imposed by Judge Longstaff of the United States District Court, Southern District of Iowa, for Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Petitioner has a projected release date of March 31, 2021, pursuant to Good Conduct Time ("GCT") release. Judge Ronald E. Longstaff imposed Petitioner's federal sentence on April 23, 2007. (Doc. No. 6, Decl. of Angela Buege ("Buege Decl."), ¶¶ 3, 7 Attachs. A & E.)

Five years before his federal sentence was imposed, on April 16, 2002, Petitioner was sentenced by Jasper County District Court of the State of Iowa to a term of imprisonment not to exceed 25 years for manufacturing meth-amphetamine. (*Id.* ¶ 4, Attach. B.) He was released on parole from the Iowa Department of Corrections on June 21, 2004. (*Id.*, Attach. C at 1.) However, on September 16, 2005, Petitioner was arrested by State of Iowa authorities for violation of his parole, after he was found in possession of materials to manufacture methamphetamine, and on October 26, 2005, the Iowa authorities revoked Petitioner's parole. (*Id.* ¶¶ 5, 6, Attach. C.)

On October 21, 2005, while he was in custody of the State of Iowa, the United States District Court for the Southern District of Iowa issued a writ of

habeas corpus *ad prosequendum* for Petitioner's appearance in Federal Court. *United States v. Faidley*, Crim. No. 4:05-209-REL-CFB-1 (S.D. Iowa Oct. 21, 2005) (text order granting motion for writ, Doc. No. 6). On November 3, 2005, Petitioner was released to the custody of the United States Marshal Service pursuant to the federal writ.[1] (Buege Decl. ¶ 7, Attach. D.) He remained in federal detention over the next seventeen months until the imposition of his federal sentence on April 23, 2007. The Federal District Court for the Southern District of Iowa ordered the Petitioner's federal sentence to run concurrently with his state sentence. (*Id.* ¶ 7, Attach. E.)

During the seventeen-month period that Petitioner was in the custody of the U.S. Marshals before the federal sentence was imposed, the State of Iowa retained primary custody over Petitioner because a writ of habeas corpus *ad prosequendum* does not relinquish primary jurisdiction from one sovereign to another. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994) (noting that a writ of habeas corpus *ad prosequendum* does not alter a prisoner's custody status but merely changes the location of custody). Petitioner was, in effect, temporarily removed or "borrowed" from the primary jurisdiction of the State of Iowa pursuant

---

[1] Petitioner claims he was taken into federal custody on October 26, 2005. (Doc. No. 10 ¶ 8.) However, the documentation submitted by the government establishes that Petitioner was released to federal custody on November 3, 2005. (Buege Decl. ¶ 7, Attach. D.)

to the federal writ. Petitioner continued to receive credit toward his state term of imprisonment for the time spent in federal physical custody from November 3, 2005, until his federal sentence was imposed on April 23, 2007. (Buege Decl. ¶ 9, Attach. H.)

On April 26, 2007, Petitioner was returned to state authorities to complete his state term of imprisonment. (*Id.* ¶ 7, Attach. C at 1.) The Bureau of Prisons ("BOP") designated the Iowa Department of Corrections as Petitioner's official detention facility for his concurrent federal sentence. (*Id.*, Attach. F.) Petitioner's federal sentence could not commence prior to on April 23, 2007, the date on which his federal sentence was imposed. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served."); (Buege Decl. ¶ 8, Attach. G at 2 (providing the BOP's interpretation of § 3585(a) that federal sentences cannot commence earlier than the date on which they are imposed).)

The BOP, in calculating Petitioner's federal sentence, has not allocated any credit for the time Petitioner was on the federal writ in the seventeen months before Judge Longstaff imposed Petitioner's federal sentence. In this habeas action, Petitioner contends that he should be given credit on his federal sentence

for this seventeen-month period of time that he spent in federal detention in the custody of the U.S. Marshals.

## DISCUSSION

### I. Standard of Review

Petitioner seeks relief under 28 U.S.C. § 2241, which states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws of the United States[.]." *Id.* § 2241(c)(3). Jurisdiction is proper here because section 2241 provides the exclusive remedy for challenging the BOP's calculation of a Federal sentence, which is a challenge to the duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Archuleta v. Hedrick*, 365 F.3d 644, 647 (8th Cir. 2004).

As this District has observed, "[t]he statutory scheme involving concurrent versus consecutive State and Federal sentences, credit for time-served, and the authority of the Courts, versus the authority of the BOP, in making those decisions, has been described as a 'labryinth,' which even the BOP considers as 'probably the single most confusing and least understood sentencing issue in the Federal system.'" *Singleton v. Hollingsworth*, No. 05-2082 (PJS/RLE), 2006 WL 2067761, at *4 (D. Minn. July 24, 2006) (quoting *United States v. Smith*, 101 F. Supp. 2d 332, 334, 347 (W.D.Pa. 2000)). Thus, this Court gives the most charitable construction to Petitioner's claims. *Id.*

5

## II. Credit for Prior Custody

Petitioner argues that he is entitled, pursuant to 18 U.S.C. § 3585(b), to a credit of seventeen months on his federal sentence because he spent that time in official federal detention prior to the date his federal sentence was imposed. 18 U.S.C. § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commence—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

(Emphasis added.)

As the plain language of this statute shows, Petitioner is not entitled to credit toward custody before his federal sentence began if the time Petitioner spent in official detention was credited against another sentence. Here, the State of Iowa did not relinquish its primary jurisdiction over Petitioner when it turned over physical custody of Petitioner to the federal authorities under the writ of habeas corpus *ad prosequendum*. And Petitioner received credit for the time he spent in federal physical custody toward his state sentence. A defendant cannot have time that he spends in jail on a state offense before he is sentenced on a

6

federal offense credited toward both his state and federal sentences; that would give a defendant "double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

"[A] prisoner can receive credit toward a federal sentence for time served on a state sentence (1) if those two sentences are served at the same time, and (2) if a judge has ordered that the two sentences run consecutively. *Singleton*, 2006 WL 2067761, at *1 (emphasis removed). But only the latter of these two requirements is met in this case. A federal sentence does not begin to run when a federal defendant is produced for prosecution pursuant to a federal writ from state custody. *See* 18 U.S.C. § 3585(a); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975) (noting that a state prisoner who is on detainer for federal violations should not received credit on his federal sentence while also receiving credit on his state sentence). A federal sentence generally commences when the defendant is received into the Attorney General's custody for service of the federal sentence. *See* 18 U.S.C. § 3585(a); *Reno v. Koray*, 515 U.S. 50, 57-58 (1995) ("[A] defendant suffers detention only when committed to the custody of the Attorney General[.]"); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citing 18 U.S.C. § 3585).

Petitioner was sentenced on April 23, 2007, and was then returned to the custody of the State of Iowa to complete his state term of imprisonment, which,

7

from that point forward, ran concurrently, per Judge Longstaff's order, with his federal sentence. As noted above, the BOP designated the Iowa Department of Corrections as Petitioner's official facility of imprisonment. Thus, because Petitioner already received credit toward his state sentence for the period he was in federal custody from November 3, 2005, to April 23, 2007, to reduce the period of time remaining on Petitioner's federal sentence by this same amount of time would constitute dual credit in contravention of 18 U.S.C. § 3585(b). Accordingly, the habeas Petition should be denied.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Doc. No. 1), and his Pro Se Petition to Amend Title 28 U.S.C.S. 2241 Petition for Habeas Corpus Relief through Interlineation (Doc. No. 10), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: June 28, 2010

          *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by

**July 12, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.